**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 15-12654 |
| | ) | |
| **BRUCE PROPST** | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | JUDGE TIMOTHY A BARNES |

### OBJECTION TO MOTION TO AVOID LIEN

NOW COMES Creditor, Robert S. Clark, by and through his attorney, Jeffrey A. Meyer of the firm KLEIN, STODDARD, BUCK & LEWIS, LLC, and for his Objection to Debtor's Motion to Avoid Lien, states as follows:

1. On June 27, 2013, Creditor, Robert S. Clark, (the "Creditor") filed a Complaint in DeKalb County, Illinois, Case No. 13 L 66.

2. On September 24, 2014, the Creditor obtained a Judgment in said DeKalb County, Illinois Case No. 13 L 66.

3. On October 3, 2014, the Creditor filed a Memorandum of Judgment in Cook County, Illinois, Document No. 1427622104, in the amount of $83,832.70 plus costs and fees and interest.  A copy of said Memorandum of Judgment is attached as Exhibit "1" to the Creditor's Motion to Vacate, previously filed (See: Docket No. 36, Exhibit 1), incorporated herein by this reference, and hereinafter referred to as the "Judicial Lien".

4. On April 9, 2015 debtor, Bruce Propst, (the "Debtor") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code (the "Petition"). See: Docket No. 1.

5. At the time the Judicial Lien was recorded, and at all times since, the Debtor has been the fee simple owner of the real property commonly known as 1892 Liberty court, Elk Grove Village, IL (the "Real Estate").

6. On July 31, 2015, this Court closed the Debtor's Chapter 7 case and entered a general discharge order. See: Docket No. 13. At no time prior to the entry of said order did the Debtor file a motion to avoid the Judicial Lien.

7. On December 12, 2019, and after the Court denied two prior post-discharge motions to avoid the Judicial Lien on technical grounds, the Debtor filed a third Motion to Reopen Chapter 7 Case and a Motion to Avoid Lien (hereinafter the "Debtor's Motion"). See: Docket No. 29.

8. The Debtor's Motion cities no legal basis nor any factual basis beyond a wholly conclusory allegation; that there was "little if any equity in the property at the time the Bankruptcy was filed and discharged; the same holding true today."

9. Section 522(f)(1)(A) of the Bankruptcy Code provides that the Debtor may only avoid the Judicial Lien to the extent it impairs an exemption to which the Debtor would be entitled under subsection (b) of Section 511. 11 U.S.C. § 522(f)(1)(A).

10. In his Memorandum in Support of Debtor's Motion, the Debtor alleges that the Real Estate has a market value of "around $450,000.00 and is mortgaged to about $305,000.00. See: Docket No. 30.

11. The Debtor has elected Illinois state law exemptions and, in his Memorandum in Support of Debtor's Motion, asserts a $30,000.00 homestead exemption for equity in the Real Estate.

12. Schedule A of the Debtor's Petition does not indicate that any person, other than the Debtor, has any ownership interest in the Real Estate.

13. The Debtor is entitled to only a $15,000.00 homestead exemption for his interest in the Real Estate. 735 ILCS 5/12-901.

14. The Memorandum in Support of Debtor's Motion admits that the Real Estate has equity in the amount of $145,000.00, which is $130,000.00 in excess of the homestead exemption to which he is entitled.

15. The current principal balance due under the Judicial Lien, excluding attorney's costs and fees, is $124,472.01 through February 11, 2020, with a per diem interest accrual thereafter in the amount of $20.671.

16. The Debtor's admitted equity position in the Real Estate, even after accounting for his exemption, exceeds the outstanding balance due on the Judicial Lien, and his exemption is not impaired.

17. But, even if the Judicial Lien exceeded the Debtor's equity position in the Real Estate, the Judicial Lien could not be wholly avoided and could only be avoided to the extent that the Real Estate's value, minus the sum of (1) other liens, (2) exemption amount, and (3) the judicial lien produces a negative number. *In re: Thomas J. Vokac*, 273 B.R. 553, 556 (USBC-NDIL, 2002).

18. The Debtor has wholly failed to demonstrate that the Judicial Lien impairs his exemption and that he is entitled to avoid the Judicial Lien, in whole or in part. To the contrary the Debtor admits in his Memorandum in Support of Debtor's Motion that his equity in the Real Estate exceeds the balance due under the Judicial Lien, even after accounting for his homestead exemption.

WHEREFORE, Creditor, Robert S. Clark, respectfully requests this Court enter an order affording the following relief:

A. Denying the Debtor's Motion to Avoid Lien; and;

B. Granting such other relief this Court deems just under the circumstances.

Robert S. Clark, Creditor

**By:**   */s/ Jeffrey A. Meyer*
his attorney

Jeffrey A. Meyer #06293377
KLEIN, STODDARD, BUCK & LEWIS, LLC
2045 Aberdeen Ct., Suite A
Sycamore, IL 60178
(815) 748-0380 – phone
(815) 748-4030 – fax
jmeyer@kleinstoddard.com